**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DR. MICHAEL SAAG, individually and behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| AGA SERVICE COMPANY, D/B/A ALLIANZ GLOBAL ASSISTANCE, *Serve:* C/O Corporation Service Company 80 State Street Albany, New York, 12207-2543 | ) ) ) ) ) ) ) |
| and | ) ) |
| JEFFERSON INSURANCE COMPANY, *Serve:* 9950 Mayland Drive, Richmond, Virginia 23233, | ) ) ) ) |
| Defendants. | ) ) |

Civil Case No.:_____

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff Dr. Michael Saag ("Saag" or "Plaintiff"), individually and on behalf of a nationwide class of all others similarly situated, and files this Class Action Complaint against the Defendants, AGA Service Company d/b/a Allianz Global Assistance ("AGA") and Jefferson Insurance Company ("Jefferson") (collectively referred to as "Defendants").

## NATURE OF THE CASE

1.      Defendants, AGA and Jefferson, issue travel protection insurance policies to individuals throughout the country in exchange for payment.  Such policies are designed to insure against trip cancellations, trip interruption, change fee coverage, and travel delay coverage.

2.      In breach of their insurance agreement, Defendants have engaged in a nationwide policy of systematically denying coverage under their travel insurance policies issued to Plaintiff

Saag and putative class members under the policy's "epidemic" exclusion[1] without consideration to valid, covered claims.

3.      In doing so, Defendants have improperly denied otherwise valid claims that would trigger coverage under the policies issued to Saag and putative class members. Defendants' general reliance on the "epidemic" exclusion for all consumers is deceptive when read against the whole of the policy.  Such actions constitute a violation of New York law, a breach of the parties' agreement and of the implied covenant of good faith and fair dealing, and are a deceptive and unfair practice under N.Y. GEN. BUS. LAW § 349.

4.      This case presents a prototypical situation for class treatment.  Defendants' conduct—including all relevant practices, deception, representations, and omissions—is uniform among all customers.  The application of New York law to a shared course of conduct will determine liability for the class as a whole, ensuring that the rights of thousands of individuals are vindicated through the efficiency of a single trial.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action, and venue is proper in this Court. Defendants AGA and Jefferson are both corporations which do business in New York.  Defendants have received and continue to receive substantial revenue and profits from their improper conduct in New York.  Defendant AGA has an office and location in New York for transaction of its customary business.  Defendant Jefferson is incorporated under the laws of New York and has an office and location in New York for transaction of its customary business.  The conduct giving rise

---

[1] The policy defines an epidemic as "[a] contagious disease that spread[s] rapidly and widely among the population in an area and which is recognized as an epidemic by the World Health Organization (WHO) or Centers for Disease Control and Prevention (CDC)."  (*See* Policy No. US07540387 "Policy", attached hereto as Exhibit A).

to Plaintiff's claims and to the claims of each putative class member occurred in New York. Plaintiff's claims arise solely under New York law.

6.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity between Defendants and at least one member of each class; there are more than one hundred members of each class; and the amount in controversy exceeds $5,000,000 exclusive of interest and costs.  This Court also has subject matter jurisdiction under 28 U.S.C. §§ 2201 and 2202 and is authorized to grant declaratory relief under these statutes.  All other factual conditions precedent necessary to empower this Court with subject matter and personal jurisdiction have been satisfied.

## PARTIES

7.      Saag is a resident and citizen of the State of Alabama who resides in Birmingham, Alabama.

8.      AGA is a foreign corporation incorporated under the laws of the State of Virginia with its principal place of business located at 9950 Mayland Drive, Richmond, VA 23233, and is registered to do business in the State of New York, having appointed Corporation Service Company, 80 State Street, Albany, New York, 12207 as its registered agent for service of process. AGA is the producer and third-party administrator for Jefferson.

9.      Jefferson is an insurance company incorporated under the laws of the State of New York and may be served at its principal place of business located at 9950 Mayland Drive, Richmond, VA 23233.

## FACTUAL ALLEGATIONS

10.      On or about January 9, 2020, Defendants, in exchange for the payment of a $1,812.00 premium, issued Saag and his wife an insurance policy, identified as Policy No.

US07540387, to cover against certain losses arising from Saag's trip from Birmingham, Alabama to Johannesburg, South Africa from April 12, 2020 through April 29, 2020.  The coverage effective date of the policy was from January 10, 2020 through April 30, 2020.  (*See* Exhibit A).

11.     AGA is the licensed producer and administrator of the policies, and is an agent of Jefferson Insurance Company.

12.     The policies provide for a maximum benefit of $13,000 in Trip Cancellation Coverage to Saag in the event such trip was cancelled for any covered reason.

13.     The policy provides that: "If your trip is canceled or rescheduled for a covered reason listed below, we will reimburse you for your non-refundable trip payments, deposits, cancellations fees, and change fees (less available refunds), up to the maximum benefit for Trip Cancellation Coverage."  (*See* Exhibit A).

14.     Additionally, the policy lists twenty "covered reasons" in which the policy would become effective in the event of cancellation, including, but not limited to:

(1)     "You or a traveling companion becomes ill or injured, or develops a medical condition.  The following conditions apply: (a) The illness, injury or medical condition must be disabling enough to make a reasonable person cancel their trip; and (b) A doctor advises you or a traveling companion to cancel your trip before you cancel it.  If that isn't possible, a doctor must either examine or consult with you or the traveling companion within 72 hours after the cancellation to confirm the decision to cancel.

. . . .

(6)     You or a traveling companion is quarantined.[2]

. . . .

---

[2] The policy defines quarantine as "mandatory confinement, intended to stop the spread of a contagious disease to which you or a traveling companion may have been exposed."  (*See* Exhibit A).

(14)   Your travel carrier cannot get you to your original itinerary's destination for at least 24 consecutive hours from the originally scheduled arrival time due to one of the following reasons:  (A) a natural disaster; (B) severe weather; (C) a strike, unless threatened or announced prior to the purchase of your policy; **or (D) an FAA or foreign equivalent mandate**.

. . . .

(15)   Your tour operator cancels your multi-day tour that was purchased prior to your departure date due to: (A) a natural disaster; (B) severe weather; (C) a strike, unless threatened or announced prior to the purchase of your policy; **or (D) an FAA or foreign equivalent mandate**.

. . . .

(20)   Government authorities order a mandatory evacuation at your destination that is in effect within 24 hours prior to your departure date. The following condition applies: (a) your policy was purchased prior to public knowledge of the event leading to the mandatory evacuation.

(Exhibit A, pp. 7-9) (emphasis added).

15.    On March 18, 2020, Saag was diagnosed by his physician as having contracted the COVID-19 virus, requiring cancelation of his trip.  Saag's traveling companion, his wife, Amy Saag, also exhibited symptoms but was never officially diagnosed with COVID-19.  As a result, both Saag and his traveling companion were required to quarantine.  Saag and his traveling companion's medical condition was disabling enough to make a reasonable person cancel their trip.  Such diagnoses also required that Saag and his traveling companion be quarantined as a result of their medical condition, which triggered coverage under covered reasons (1) and (6) above.

16.    Furthermore, on March 26, 2020, the government of South Africa ordered a mandatory evacuation, triggering coverage under covered reason (20).[3]

---

[3] *See* https://za.usembassy.gov/message-for-u-s-citizens-lockdown-clarifications-march-26-2020/ (last visited August 4, 2020).

17.     Additionally, on March 31, 2020, the US Global Lockdown went into effect.[4]  As a result, Saag's travel carrier was unable to get him to South Africa due to a mandate by the FAA triggering coverage under covered reason (14) and (15).

18.     On April 3, 2020, Scott Harris, MD, Alabama's State Health Official, issued a proclamation declaring a state of civil emergency on behalf of Governor Kay Ivey, stating that the continued spread of COVID-19 presents an imminent threat of widespread illness and threat to public health, and issued a "Stay at Home Order" directing every Alabama resident to stay at his or her place of residence except as necessary to perform essential activities.  Non-essential travel was not considered an "essential activit[y]" (*See* Stay at Home Order, attached as Exhibit B).

19.     The Stay at Home order further required that any person who has tested positive for COVID-19 shall be quarantined to their place or residence for a period of 14 days after receiving positive test results.  (*Id*.).  The Stay at Home Order was effective on and through April 30, 2020.

20.     Around this time, almost every other state in the nation issued a stay at home order containing restrictions similar to that of Alabama's order.

21.      On or around April 13, 2020, Saag sought coverage for his covered loss under the policy from AGA and/or Jefferson.  (*See* confirmation of claim submission, attached as Exhibit C).  When he submitted his claim online, Defendants' computer system only allowed Saag to select one covered reason for trip cancellation, even though several valid and covered reasons applied.  Notwithstanding, Saag provided additional covered reasons in the comments sections, including covered reason Nos. 1, 6, 7, 14, and 20 (listed above).[5]

---

[4]   *See*   https://travel.state.gov/content/travel/en/traveladvisories/ea/travel-advisory-alert-global-level-4-health-advisory-issue.html (last visited August 4, 2020).
[5] Specifically, Saag listed the following: "Covered Reason #20: Government Authorities ordered a mandatory evacuation at our destination that is in effect 24 hours prior to our departure date and

22.     On May 19, 2020, Defendants denied Saag's claim stating that "Your plan excludes coverage for losses due to an epidemic.  Your insurance program provided trip cancellation benefits for very specific reasons. Unfortunately, cancellation or changes due to the Coronavirus is not included among those reasons."  (*See* Denial Letter, attached as Exhibit D).

23.     As evidence of Defendants' misleading and deceptive practices, Defendants denied Saag's claim even though Defendants stated on their website as of March 16, 2020 that they would accommodate claims under Trip Cancellation or Trip Interruption Benefits for those customers who cancelled their trip due to contracting COVID-19 either before or during their trip. *See* https://www.allianztravelinsurance.com/coverage-alerts/2019-novel-coronavirus.htm.

24.     Defendants have denied Saag's claims and, on information and belief, either have denied or certainly will deny putative class members claims based on the same improper policy exclusions, and have, therefore, refused to perform their obligations under the policies.

25.     Defendants' failure to perform their obligations under the policy is without reasonable cause or excuse and fails to consider the policy as a whole, as the claim represents a clearly-covered loss with no applicable exclusions to the policy.

## CLASS ACTION ALLEGATIONS

26.     Saag brings this action under New York law, including all counts alleged herein,

---

our policy was purchased prior to the public knowledge of the event leading to the mandatory evacuation.  There were multiple other covered reasons this is a viable claim in addition to Covered Reason #20. We hereby file this claim under Covered Reason #20 AND are putting the Company on notice of the other viable Covered Reasons set forth below:  Covered Reason #1: Michael was diagnosed by his physician with COVID-19. This diagnosis is disabling enough to a make a reasonable person cancel their trip; Covered Reason #6: Both Michael and Amy were quarantined by the Government; Covered Reason #7: The airline ceased all operations. All conditions within this Covered Reason have been satisfied.; Covered Reason #14: Our travel carrier cannot get us to our original itinerary's destination for at least 24 hours from the originally scheduled arrival time due to an FAA/foreign equivalent mandate."

individually and on behalf of all others similarly situated, pursuant to Rules 23(a), 23(b)(2), 23(b)(3), and 23(c)(4), of the Federal Rules of Civil Procedure, and propose the following nationwide class:

> All individuals who purchased a travel insurance policy from Jefferson and/or AGA providing trip cancellation coverage, whose policy coverage was denied by Defendants based on the policy's epidemic exclusion and/or due to Coronavirus/COVID-19, despite such individuals canceling their trip due to covered reasons under their policy, and who sustained losses as a result.

27.    Excluded from the proposed class are members of the judiciary, persons or entities currently in bankruptcy, persons or entities whose obligations have been discharged in bankruptcy, and governmental entities.  Plaintiff maintains the right to create additional subclasses or classes, if necessary, and to revise these definitions to maintain a cohesive class which does not require individual inquiry to determine liability.

28.    The exact number of class members is unknown to Plaintiff at this time, but such information can be ascertained through appropriate discovery, specifically from records maintained by Defendants and their agents.  Upon information and belief, the number of putative members of each class exceeds 100 persons.

## EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW AND FACT

29.    On information and belief, the policy issued to Saag is the same or substantially similar to the policy(ies) issued by Jefferson and/or AGA to each person included within the class across the country.

30.    On information and belief, Jefferson and/or AGA have refused to perform its/their obligations to Saag, and each member of the class, on the bases that the policy(ies) purportedly do not provide coverage for an epidemic.

31.     There are common questions of law and fact common and of general interest to the class.  These common questions of law and fact predominate over any questions affecting only individual members of the class.  Such common questions include, but are not limited to, the following:

a)     Whether Defendants' uniform and universal denial of covered claims under the "epidemic" exclusion is deceptive under N.Y. GEN. BUS. LAW § 349;

b)     Whether Defendants' uniform and universal denial of covered claims under the "epidemic" exclusion constitutes a breach of contract;

c)     Whether Defendants' uniform and universal denial of covered claims under the "epidemic" exclusion constitutes a breach of the implied covenant of good faith and fair dealing;

d)     Whether Defendants' uniform and universal denial of covered claims due to COVID-19/coronavirus is deceptive under N.Y. GEN. BUS. LAW § 349;

e)     Whether Defendants' uniform and universal denial of covered claims due to COVID-19/coronavirus constitutes a breach of contract;

f)     Whether Defendants' uniform and universal denial of covered claims due to COVID-19/coronavirus constitutes a breach of the implied covenant of good faith and fair dealing;

g)     Whether Defendants' reliance on the "epidemic" exclusion to deny Saag and putative class members' claims was deceptive when read against the whole of the policy;

h)     Whether Defendants failed to explore valid coverage under the policy and instead uniformly and universally denied coverage under the "epidemic" exclusion;

i)     Whether Defendants' failure to provide individuals more than one option for submitting a covered claim is misleading or deceptive;

j)       The meaning and interpretation of the terms of the relevant policy provisions;

k)       Whether the policy(ies)'s exclusion for loss that results from "[a]n epidemic" "if [it] affect[s] you," operates to exclude from coverage those losses sustained by mandatory confinement intended to stop the spread of a contagious diseases to which an insured may have been exposed;

l)       Whether Defendants' assertion that no coverage exists for losses due to an "epidemic" is invalid, and/or unreasonable and without good cause;

m)       Whether Defendants' assertion that no coverage exists for losses due to "travel bulletins or alerts," in light of other covered reasons, is invalid, and/or unreasonable and without good cause; and

n)       Whether the relevant provisions of the insurance policy(ies) are ambiguous.

## TYPICALITY AND NUMEROSITY

32.       The claims of the named Plaintiff are typical of the claims of the class.  Upon information and belief, the total number of members of each putative class exceeds 100 members and is so numerous that separate joinder of each member is impracticable.

## ADEQUATE REPRESENTATION

33.       Plaintiff will fairly and adequately protect the interests of the members of the class and has no interest antagonistic to those of other class members.  Plaintiff has retained class counsel competent to prosecute class actions and such class counsel is financially able to represent the classes.

## SUPERIORITY

34.       The class action is superior to other available methods for the fair and efficient

adjudication of this controversy since individual joinder of all members of the classes is impracticable.  The interests of judicial economy favor adjudicating the claims for the Plaintiff's classes rather than on an individual basis.  The class action mechanism provides the benefit of unitary adjudication, economies of scale and comprehensive supervision by a single court.

35.     Questions of law and fact predominate over any questions affecting only individual members.

## COUNT I – VIOLATION OF NEW YORK BUSINESS LAW § 349

36.     Saag hereby incorporates the allegations contained in each and every preceding paragraph of his Complaint as though set forth fully herein.

37.     Defendants have engaged in deceptive acts and practices in violation of New York Business Law § 349, *et seq.* misrepresenting that valid and covered claims under their travel insurance policies for trip cancellation would be covered.

38.     Defendants' general and uniform denial of travel insurance coverage based on the "epidemic" exclusion for all consumers is also deceptive when read against the whole of the policy.

39.     Defendants' deceptive acts and practices were directed at consumers throughout the country, including Plaintiff Saag and putative class members.

40.     Defendants' acts and practices as alleged herein were materially misleading in that Defendants represented to Saag and putative class members that claims for trip cancellation for covered reasons under their policies would be covered, but then improperly and uniformly denied such claims based on the policy's "epidemic" exclusion.

41.     As a result of Defendants' deceptive acts and practices, Plaintiff Saag and putative class members have sustained injury by paying insurance premiums and failing to receive coverage

for their trip cancellation.

### COUNT II – BREACH OF CONTRACT

42.    Saag hereby incorporates the allegations contained in each and every preceding paragraph of his Complaint as though set forth fully herein.

43.    Saag, and each putative class member, entered into a valid contract for travel insurance.

44.    Saag and each putative class member performed all of their obligations under the policy(ies) by paying premiums prior to issuance of the applicable policy(ies).

45.    Defendants have failed to perform their obligations to Saag, and each putative class member, under the applicable policy(ies).   Specifically, Defendants promised to reimburse Plaintiff and putative class members for their "non-refundable trip payments, deposits, cancellations fees, and change fees (less available refunds), up to the maximum benefit for Trip Cancellation Coverage" if their trip was canceled or rescheduled for a covered reason.  (*See* Exhibit A).  However, despite cancelling their trips for (multiple) covered reasons under Trip Cancellation Coverage, Defendants uniformly denied coverage and refused performance under Plaintiff and putative class members' policies.

46.    Saag, and each putative class member, has sustained damage as a direct and proximate result of AGA and/or Jefferson's failure to perform its/their obligations under the applicable policy(ies).

### COUNT III – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

47.    Saag hereby incorporates the allegations contained in each and every preceding paragraph of his Complaint as though set forth fully herein.

48.    Plaintiff Saag brings this claim for breach of the implied covenant of good faith and

fair dealing based on separate and distinct allegations from his breach of contract claim.

49.    Defendants, in failing to consider and/or cover Plaintiff Saag and putative class members covered claims for trip cancellation under the policy, and instead denying such claims based solely on the "epidemic" exclusion, have violated the implied covenant of good faith and fair dealing.

50.    Defendants' uniform denial of Saag and putative class members claims by excluding such claims based solely on the "epidemic" exclusion, violates Defendants implied duty to not intentionally and purposely do anything to prevent the other party from receiving the benefit of their agreement.

51.    Defendants' actions alleged herein have the effect of destroying or injuring the right of the Saag and putative class members to receive the benefits of their travel insurance contracts.

## COUNT IV – DECLARATORY JUDGMENT

52.    Saag hereby incorporates the allegations contained in each and every preceding paragraph of his Complaint as though set forth fully herein.

53.    The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, allows the Court to declare the rights and other legal relations of the parties to this dispute.

54.    There exists a real and substantial controversy between the parties concerning: (a) the meaning and interpretation of the terms of the relevant policy provisions, including the term "epidemic"; (b) whether the policy(ies)'s exclusion for loss that results from "[a]n epidemic" "if [it] affect[s] you," operates to exclude from coverage loss sustained by other covered reasons under the policy;  (c) whether Defendants' assertion that no coverage exists for losses due to "travel bulletins or alerts," is valid, invalid, and/or unreasonable and without good cause; (d) whether Defendants' assertion that no coverage exists for losses due to "government prohibitions or

regulations," is valid, invalid, and/or unreasonable and without good cause; and (e) whether the relevant provisions of the insurance policy(ies) are ambiguous; (f) whether coverage under the policy is illusory in light of the "epidemic" exclusion; (g) whether coverage for COVID-19 stay-at-home orders that resulted in the cancellation of trips covered by the policy(ies) exists under the policy(ies); (h) whether insureds are entitled to payment from Defendants for losses sustained as a result of the cancellation of trips covered by the policy(ies) due to covered reasons under the policy; and (i) whether Defendants' denial of coverage was in good faith, reasonable, or supported by good cause.

55.     Saag's legally protectable interests, and those of putative class members, are adverse to those of Defendants.

56.     The controversy is ripe for judicial determination, and there is sufficient immediacy and reality of the dispute to warrant the issuance of declaratory judgment.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff Michael Saag, individually and on behalf of all putative class members, respectfully requests that the Court enter an order certifying the class, appointing Plaintiff as class representative, appointing Saag's counsel as class counsel, and directing that reasonable notice of this action, as provided by Federal Rule of Civil Procedure 23(c)(2), be given to the class. Furthermore, Plaintiff respectfully demands trial by jury and all remedies and damages available to it, including repayment of all Travel Insurance premiums paid, coverage under their respective policies, a declaration that Defendants practices described above are deceptive and unfair New York General business §349, restitution, interest, and the attorneys' fees and costs incurred in bringing this action, pursuant to New York Business Law § 349, *et seq*., and declaratory judgment.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Saag hereby demands a trial by jury on all issues so triable.

DATED this 20th day of August, 2020.

Respectfully submitted,

_____
Brian R. Morrison (BM-1986)
Ariana J. Tadler (AT-0452)
**TADLER LAW LLP**
One Penn Plaza, 36th Floor
New York, NY  10119
Telephone: (212) 946-9300
Fax: (929) 207-3746
bmorrison@tadlerlaw.com
atadler@tadlerlaw.com

Patrick C. Marshall (*pro hac vice* forthcoming)
James M. Terrell (*pro hac vice* forthcoming)
Courtney C. Gipson (*pro hac vice* forthcoming)
**METHVIN, TERRELL, YANCEY,**
**STEPHENS, & MILLER, PC**
2201 Arlington Avenue S.
Birmingham, AL 35205
Telephone: (205) 939-0199
Facsimile: (205) 939-0399
Primary e-mail:      pmarshall@mtattorneys.com
                     jterrell@mtattorneys.com
                     cgipson@mtattorneys.com
Secondary e-mail:    sreynolds@mtattorneys.com

*Counsel for Plaintiff Michael Saag*